UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOLADEEN BASS TAYLOR,<br><br>Petitioner,<br><br>v.<br><br>WILLIE BONDS, et al.,<br><br>Respondents. | Civil Action No. 17-7270(MCA)<br><br>MEMORANDUM OPINION |

This matter is opened to the Court by Petitioner Soladeen Bass Taylor ("Petitioner"), upon the filing of his petition for a writ of habeas corpus (the "Petition") (ECF No. 1) brought pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court finds that the Petition currently pending before the Court is a "second or successive" habeas petition pursuant to 28 U.S.C. 2244(b) for which Petitioner has not sought or received authorization from the Court of Appeals to file in the District Court. As such, the Court is without jurisdiction to consider the Petition at this time and must either dismiss the Petition or transfer it to the Court of Appeals for the Third Circuit. For the reasons explained below, the Court will dismiss the Petition without prejudice to Petitioner's filing of the Petition in the Third Circuit Court of Appeals but declines to transfer the Petition pursuant to 28 U.S.C. § 1631.

Because Petitioner has filed a § 2254 petition this Court is required, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, to screen the Petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Under this Rule, the Court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

1

Based on Petitioner's habeas petition and the available portions of the state court and federal record, it appears that, following a jury trial, defendant was convicted of four counts of first-degree robbery, N.J.S.A. 2C:15–1; two counts of aggravated assault, N.J.S.A. 2C:12–1(b)(1), (4); and one count of possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39–4(a); attempted murder, N.J.S.A. 2C:5–1, 11–3; and unlawful possession of a weapon, N.J.S.A. 2C:39–5(c)(2). *See State v. Taylor*, No. A–6320-08T1, 2011 WL 5902620, at *1 (N.J. Super. Ct. App. Div. Nov. 28, 2011). Defendant was sentenced to an aggregate custodial term of fifty-five years, subject to twenty-seven and one-half years of parole ineligibility. *Id.* Save merger of one aggravated assault count with the attempted murder conviction, the judgment of conviction was affirmed on appeal. *State v. Bass*, No. A–0061–94 (App. Div. Feb. 6, 1996). The Supreme Court denied defendant's petition for certification. *State v. Bass*, 145 N.J. 371 (1996).

In the meantime, on March 8, 1996, on the State's motion pursuant to *State v. Haliski*, 140 N.J. 1 (1995), the trial court resentenced defendant, as a second-time Graves Act offender, to a mandatory extended term, N.J.S.A. 2C:43–6c; N.J.S.A. 2C:43–7c; N.J.S.A. 2C:44–3(d); *State v. Franklin*, 184 N.J. 516, 534 (2005), consisting of: forty-years with a twenty-year parole disqualifier on the four robbery counts; a concurrent eighteen months on the aggravated assault charge; a consecutive ten years with a five-year parole disqualifier on the attempted murder conviction; and a consecutive five years with a two-and-one-half year parole disqualifier on the unlawful possession of a weapon charge. Defendant's aggregate sentence was fifty-five years in prison, with a twenty-seven and one-half parole disqualifier. *See Taylor*, 2011 WL 5902620, at *1.

On July 29, 1996, defendant filed a PCR petition, which was denied on October 20, 1997. The Appellate Division affirmed, *State v. Bass*, No. A–2171–97 (App. Div. May 21, 1999), and

the Supreme Court denied defendant's petition for certification. *State v. Bass*, 162 N.J. 129 (1999).

On September 1, 2000, Petitioner filed a petition for writ of habeas corpus, which was docketed in this District and assigned to the Honorable Faith S. Hochberg. (Civ. Act. No. 00-4298). On September 8, 2000, Judge Hochberg provided a *Mason* notice to Petitioner (*id.* at ECF No. 2) On January 23, 2002, Judge Hochberg denied the Petition. (*Id.* at ECF No. 8.) Petitioner appealed, and on January 15, 2003, the Third Circuit denied a certificate of appealability, finding that the Petition was untimely and that he failed to establish a basis for statutory or equitable tolling. (PACER, 3d Cir. Dkt. No. 02-1655).

Several years later, on February 15, 2006, defendant filed a motion in state court to correct an illegal sentence on state law grounds,[1] and the motion judge denied the application, finding no merit to defendant's excessive sentence claim. *Taylor*, 2011 WL 5902620, at *2. The Appellate Division affirmed on November 28, 2011. *Taylor*, 2011 WL 5902620, at *2. It does not appear that Petitioner filed a petition for certification.

The instant habeas petition was docketed nearly six years later on September 15, 2017 and appears to allege that his sentence is unconstitutional. At issue is whether the Petition filed in this matter is an unauthorized second or successive Petition. As explained by the Supreme Court,

> [t]he Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a stringent set of procedures that a prisoner "in custody pursuant to the judgment of a State court," 28 U.S.C. § 2254(a), must follow if he wishes to file a "second or successive" habeas corpus application challenging that custody, § 2244(b)(1). In pertinent part, before filing the application in the district court, a

---

[1] Petitioner argued that "HIS ENHANCED SENTENCE PURSUANT TO GRAVES ACT EXTENDED TERM, IS ILLEGAL AS IT VIOLATES HIS CONSTITUTIONAL RIGHT TO HAVE A JURY DETERMINE ALL FACTS BEYOND A REASONABLE DOUBT ESSENTIAL TO HIS SENTENCE." *Taylor*, 2011 WL 5902620, at *2 (N.J. Super. Ct. App. Div. Nov. 28, 2011)

3

> prisoner "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." § 2244(b)(3)(A). A three-judge panel of the court of appeals may authorize the filing of the second or successive application only if it presents a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2). § 2244(b)(3)(C); *Gonzalez v. Crosby*, 545 U.S. 524, 529-530, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also Felker v. Turpin*, 518 U.S. 651, 656-657, 664, 116 S.Ct. 2333, 135 L.Ed.2d 827 (1996).

*Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Thus, a prisoner who presents a claim not previously raised may file a second/successive § 2254 petition <u>only if</u> he first obtains an order from the appropriate circuit court authorizing the district court to consider the motion. *See* 28 U.S.C. § 2244(b)(3)(A).[2] Absent such authorization, the district court lacks jurisdiction to address the merits of such a petition. *See* 28 U.S.C. § 2244(b)(4). Here, based on the available record, the Petition challenges the same Judgment of Conviction and sentence that Petitioner challenged in his first habeas petition before Judge Hochberg, and that Petition was adjudicated

---

[2] Under § 2244(b)(3), the court of appeals must determine that a second or successive petition presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions. *See Gonzalez v. Crosby*, 545 U.S. 524, 529–530 (2005). Section 2244(b)(2) provides:
> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless:
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Thus, any claim that has not already been adjudicated must be dismissed unless it relies on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence.

and dismissed on timeliness grounds in 2002. As such, Petitioner's filing in this matter amounts to a second or successive Petition under 28 U.S.C. § 2244(b) and does not fall into recognized exceptions to the "second or successive" rule.[3] *See, e.g., Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000) (explaining that "[a] habeas petition filed in the district court after an initial habeas petition was unadjudicated on its merits and dismissed for failure to exhaust state remedies is not a second or successive petition); *Magwood v Patterson*, 561 U.S. 320, 342 (2010) (explaining that first habeas petition challenging a <u>new sentence</u> is not second or successive under § 2244(b) even though Petitioner had previously filed a habeas petition challenging prior sentence with respect to the same judgment). By contrast, courts are generally in agreement that the dismissal of a first federal petition as untimely constitutes an adjudication on the merits, rendering any later-filed petition "second or successive." *See, e.g., McNabb v. Yates*, 576 F.3d 1028, 1030 (9th Cir. 2009) ("We therefore hold that dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA ....") (cited with approval in *Stokes v. Gehr*, 399 F. App'x 697, 699 n. 2 (3d Cir. 2010)); *Villanueva v. United States*, 346 F.3d 55, 58 (2d Cir. 2003) (holding that a petition that has been dismissed as time-barred has been decided on the merits and renders any petition "second or successive" under the AEDPA); *see also Candelaria v. Hastings*, No. 12–3846, 2014 WL 2624766, at *3 (D.N.J. June 12, 2014); *Terry v. Bartkowski*, No. 11–0733, 2011 WL 5142859, at *3 (D.N.J. Oct. 28, 2011); *Pierce v. United States*, No. CIV. 14-0758 NLH, 2015 WL 4653326, at *2 (D.N.J. Aug. 6, 2015)

---

[3] Because this Petition is "second or successive" there is no need to give notice under *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000). *See, e.g., Ramnauth v. New Jersey*, No. CIV. 12-599 PGS, 2012 WL 4508129, at *4 (D.N.J. Sept. 27, 2012). The Court notes, however, that the form Petitioner submitted provided him with the *Mason* notice. (*See* ECF No. 6, at 16.)

Because Petitioner did not receive permission from the Third Circuit to file his second Petition, that Petition must either be dismissed for lack of subject matter jurisdiction or transferred to the Third Circuit pursuant to 28 U.S.C. 1631. *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002) ("When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631").

In deciding whether it is in the interest of justice to transfer a second or successive petition to the appropriate court of appeals, a district court may properly consider whether a petitioner "ha[s] alleged facts sufficient to bring his petition within the gatekeeping requirements of § 2244, which permits 'second or successive' petitions based upon newly discovered evidence or a new rule of constitutional law." *See Hatches v. Schultz*, 381 F. App'x 134, 137 (3d Cir. 2010) (affirming the district court's dismissal of a second or successive petition brought pursuant to § 2255 and noting that "this inquiry as to the factual premise of [Petitioner's] claims did not require-and the District Court did not express-any opinion on the merits of the claims").

Here, however, the Petition also fails to comply with Rule 2 of the Habeas Rules. "Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). The Habeas Rules require the habeas petition to specify the grounds for relief, state the facts supporting each ground, and state the relief requested. *See* 28 U.S.C. § 2254 Rule 2(c) & (d), applicable through Rule 1(b); *see also In re Advanta Corp. Sec. Litig.*, 180 F.3d 525, 534 (3d Cir. 1999) (explaining that "factual allegations" are descriptions of "the who, what, when, where, and how: the first paragraph of any newspaper story"). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be

granted.' [28 U.S.C.] § 2243. Because the Petition does not clearly state the grounds for relief, the Court is unable to determine whether it meets the gatekeeping requirements for a second or successive petition. As such, the Court will dismiss the Petition for lack of jurisdiction and declines to transfer it to the Third Circuit. The dismissal is without prejudice to Petitioner's refiling of the Petition in the Third Circuit Court of Appeals.

For the reasons explained in this Memorandum and Order, the Petition is dismissed for lack of jurisdiction. An Appropriate Order follows.

Madeline Cox Arleo, District Judge
United States District Court